## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

### PACER Cover Sheet
### for Electronically Filed Documents

Any data shown here are current as of  06/10/06       . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:**        Victor Manuel Chavez

**Case Number:**       05-14619

| Document Information |
|---|

**Description:**      Order Denying [30-1] Second Amended Plan .  Original EOD: 5/19/06.

Received on:      2006-05-19 14:33:34.000

**Date Filed:**      2006-05-19 00:00:00.000

**Date Entered On Docket:**      2006-05-25 00:00:00.000

| Filer Information |
|---|

**Submitted By:**     Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In re:   VICTOR CHAVEZ,                              No. 13-05-14619 MA

Debtor.

### ORDER ON CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

THIS MATTER is before the Court on confirmation of the Debtor's chapter 13 plan.  At

issue is whether a previously entered Agreed Order for Adequate Protection and Relief from

Stay ("Adequate Protection Order") controls the treatment of such creditor under the Debtor's

plan of reorganization. The Debtor's Second Amended Chapter 13 Plan ("Second Amended

Plan") proposes to pay Bank One, N.A.[1] ("Creditor")  its claim directly outside the plan. The

Chapter 13 Trustee objected to confirmation asserting that the payments to Creditor should be

paid through the Plan, that the Adequate Protection Order does not require that the plan continue

the terms of the Adequate Protection Order, and that because the Debtor valued the Creditor's

collateral at a lower value elsewhere in his statements and schedules, direct payment to the

Creditor of the contract amount creates an impermissible preference in favor of Creditor to the

detriment of other creditors.[2]

After reviewing the Adequate Protection Order and the Second Amended Plan, and being

otherwise sufficiently informed, the Court finds that the Adequate Protection Order does not

automatically bind the parties to its terms in a subsequent confirmation order, and the Second

---

[1]Bank One, N.A. is the assignee of Valley National Financial Services Co., and predecessor to JPMorgan Chase Bank, N.A., which acquired Bank One, N.A. by merger.

[2]The Chapter 13 Trustee also objected to Debtor's proposed payment schedule because it includes a three-month period during which the Debtor will make no plan payments.

1

Amended Plan which provides for continued payments to Creditor outside the plan cannot be confirmed over the objection by the Chapter 13 Trustee.

The procedural history of is as follows:

1.  Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 8, 2005.

2.  Creditor holds a purchase money security interest in a 2000 Chevrolet Cavalier ("Vehicle").   Creditor filed a secured claim in the Debtor's bankruptcy proceeding in the amount of $7,211.61. (*See* Claim # 3).

3.   Debtor has not filed an objection to Creditor's claim.

4.  Debtor's initial plan of reorganization provided for direct payment to Creditor outside the plan on its estimated claim in the amount of $7,489.00.  (*See* Docket # 7).

5.  Debtor's Schedules C and D value the Vehicle at $3,500.00.

6. The Chapter 13 Trustee objected to confirmation of Debtor's plan asserting that Debtor's proposed payment to Creditor outside the plan impermissibly preferred Creditor because it would pay the unsecured portion of Creditor's claim in full.  (*See* Docket # 16).

7.  On September 1, 2005, Debtor and Creditor entered into an Adequate Protection Order. (*See* Docket #17).

8.  The Chapter 13 Trustee approved the Adequate Protection Order. *Id.*

9.  The Adequate Protection Order included the following provision: that in order to retain possession of the Vehicle, Debtor must resume making the regular monthly payments to Creditor in the amount of $335.92 beginning October 12, 2005, and on the 12th day of each month thereafter until the amounts due under the contract are paid in full.

2

10.  Debtor filed an Amended Plan on October 13, 2005, which crammed down the value of the Vehicle to $3,500.00 and proposed to pay Creditor through the plan on its secured claim in the amount of $3,500.00 with interest at 6%.  (*See* Amended Plan, Docket # 21).

11.  Creditor objected to the Amended Plan, asserting that by valuing the Creditor's collateral at $3,500.00 and paying Creditor only the collateral value, Debtor was not complying with the terms of the previously entered Adequate Protection Order, and that the terms of the Adequate Protection Order should be enforced.

11. The Chapter 13 Trustee objected to the Amended Plan on grounds that the Amended Plan was not feasible, and that the Amended Plan failed to increase the plan payments to include the monthly payment to Creditor. (*See* Docket # 23).

12.  In response to Creditor's objection to the Amended Plan, Debtor filed a Second Amended Plan, which again proposed direct payment to Creditor outside the plan on its estimated claim of $6,063.59.  (*See* Docket # 30).

13.  The Second Amended Plan proposes payments of $181.00 for the first three months, beginning July 12, 2005, then payments of $260.00 for the next two months, then payments of $0.00 for the next 3 months, and finally $200.00 for a minimum period of 28 months.  *Id.*

14.  The Chapter 13 Trustee objected to the Second Amended Plan, objecting to the payment schedule, objecting to feasibility, and objecting to the direct payment of Creditor outside the plan given the value for the Vehicle listed on Debtor's Schedule D.

DISCUSSION

"A lift stay order by its own nature is temporal.  Of necessity, it must be superceded by any order confirming a plan unless preserved therein."  *In re Simons,* 113 B.R. 942, 949

3

(Bankr.W.D.Tex. 1990).   In other words, agreed orders regarding the automatic stay that are entered into prior to confirmation do not survive confirmation unless the terms are expressly incorporated into a confirmation order.   *See In re Diviney,* 225 B.R. 762, 771 (10th Cir. BAP 1998) ("[U]nless expressly preserved in the plan or the order confirming the plan, all pre-confirmation agreements and orders concerning the treatment of a claim are superceded by the terms and provisions of the confirmed plan."); *Green Tree Fin. Corp. v. Garrett (In re Garrett),* 185 B.R. 620, 623-624 (Bankr.N.D.Ala. 1995) (applying and adopting principle enunciated in *Simons* to chapter 13 case).   An agreed order regarding automatic stay, therefore, "becomes of no further force or effect" as of the date of entry of an order confirming plan. *Simons,* 113 B.R. at 949.  In this case, Creditor and Debtor argue that the previously entered Adequate Protection Order (to which the Chapter 13 Trustee consented) controls, and therefore, requires that the Second Amended Plan provide for direct payment of Creditor according to the contract terms. This contention is unfounded, given the nature and purpose of agreed orders regarding the automatic stay.

The purpose of an agreed order regarding the automatic stay is to state the conditions under which the debtor may continue to retain collateral and to bridge the period between the filing of the petition and confirmation of a plan of reorganization.   It should, therefore, not be binding on any subsequent confirmation order just because it was entered prior to confirmation. *See Simons,* 113 B.R. at 949 (stipulation regarding stay becomes of no further force and effect upon entry of confirmation order).  This approach is also consistent with 11 U.S.C. § 1327(a)[3],

---

[3]That section provides:
>     The provisions of a confirmed plan bind the debtor and each creditor, whether or
>     not the claim of such creditor is provided for by the plan, and whether or not such

which provides that the debtor, creditors, and the trustee are bound to the terms of a confirmed plan, and with the principal that a creditor cannot proceed to enforce its rights under an order regarding automatic stay once the plan of reorganization is confirmed.[4]   A confirmation order can incorporate terms of a previously entered stipulation regarding automatic stay, but not because the stipulation requires it.  Rather, a debtor can choose to incorporate the terms of a prior order regarding automatic stay in a proposed plan of reorganization so that all creditors and the trustee may have an opportunity to object.

Moreover, the Adequate Protection Order did not include express language stating that the parties intended its terms to be binding in any subsequent confirmation order, and even if it

---

creditor has objected to, has accepted, or has rejected the plan.
11 U.S.C. § 1327(a).

*See also, Ledford v. Brown (In re Brown),* 219 B.R. 191, 193-194 (6th Cir. BAP 1998) (finding that although § 1327(a) does not expressly apply to the trustee, "[a] trustee is considered a party to a confirmation proceeding, and . . . is bound by the [confirmation] proceedings," and finding further that "the mechanism to change the binding effect of § 1327 is § 1329, which allows for modifications" after confirmation)(citation omitted); *In re Mitchell,* 281 B.R. 90, 94 (Bankr.S.D.Ala. 2001) ("Plan confirmation orders bind debtors, creditors, trustees and other parties in interest.");
*In re Wellman,* 322 B.R. 298, 301 (6th Cir. BAP 2004) ("Once a plan is confirmed, it is treated as the exclusive and transcendent relationship between the debtor and the creditor.").

[4]*See Diviney,* 225 B.R. at 771 (finding that creditor could not rely on the provisions in the stay order as authorization for its post-confirmation actions where confirmation order did not incorporate the provisions of the stay order); *Wellman,* 322 B.R at 301 (affirming bankruptcy court's determination that "the provisions of the Debtors' confirmed plan bound the Bank and pretermitted its motion from relief from stay, absent a post-confirmation default in carrying out the plan."); *Mitchell,* 281 B.R. at 94 ("The binding effect of a confirmation order precludes relief from the stay on grounds of lack of adequate protection absent a default in carrying out the plan.") (citing *Anaheim Savings and Loan Assoc. v. Evans (In re Evans),* 30 B.R. 530, 531 (9th Cir. BAP 1983) (remaining citation omitted).

Case 05-14619-m7    Doc 38    Filed 05/19/06    Entered 05/25/06 10:05:00 Page 6 of 11

did, such language would be insufficient in the context of a Chapter 13 proceeding to mandate inclusion of such terms in a confirmation order. *In re Allen,* 300 F.3d 1055 (9ᵗʰ Cir. 2002), a chapter 11 case involving a pre-confirmation agreed order regarding automatic stay, is instructive. In *Allen,* the bankruptcy court confirmed a plan of reorganization which did not incorporate the terms of a previously entered stipulation for relief from automatic stay over the objection of the creditor. *Id.* at 1057. While acknowledging that stipulations are not to be set aside lightly, the Ninth Circuit held that "[a]n order modifying the automatic stay . . . operates only until the confirmation of the reorganization plan-unless . . . the order itself provides that it will outlast reorganization." *Id.* at 1059. The *Allen* court reasoned further that

> [r]equiring that the parties to a stipulation modifying the automatic stay expressly state within that stipulation that it will bind the parties and the court in any future reorganization plan ensures that other creditors and interested parties, as well as the bankruptcy court, will have notice of the intended effect before the bankruptcy court issues an order approving it. With such notice, creditors or their representatives will have an opportunity to object to a preconfirmation determination of aspects of the reorganization plan . . . "

> *Allen,* 300 B.R. at 1060.

Unlike chapter 11 proceedings, agreed orders for relief from stay in chapter 13 proceedings do not require notice to creditors in accordance with Rule 4001(d), Fed.R.Bankr.P. Thus, an agreed order regarding automatic stay entered in a chapter 13 proceeding which contains language indicating its terms must be incorporated into a confirmation order will not afford all creditors an opportunity to object. Only the Debtor, the Creditor, and the Chapter 13 Trustee were parties to the Adequate Protection Order. No other creditors were given an opportunity to object to its terms. Therefore, while Debtor's plan could incorporate the terms of the Adequate Protection Order, the prior entry of the Adequate Protection Order does not require it because the Adequate

Protection Order did not afford all creditors an opportunity to object.

Having disposed of the Debtor's first argument, the Court must now determine whether Debtor's Second Amended Plan can be confirmed over the objection by the Chapter 13 Trustee. The Chapter 13 Trustee argues that the Debtor should be required to pay Creditor through the plan in the amount of $3,500.0 because Debtor valued the Creditor's collateral at $3,500.00 elsewhere in the Debtor's schedules. The Chapter 13 Trustee argues further that payment to Creditor in the amount of $6,063.59 as proposed in the Second Amended Plan would result in an impermissible preference of Creditor over other creditors because Creditor would be paid on the unsecured portion of its claim. In fact, Creditor filed a proof of claim for a fully secured claim in the amount of $7,211.61, to which no objection has been filed. Pursuant to 11 U.S.C. § 502(a), "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." Because there has been no objection to Creditor's proof of claim, its claim is deemed allowed in the amount of $7,211.61. 11 U.S.C. § 502(a); Rule 3001(f), Fed.R.Bankr.P. ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."). However, "[a]n allowed claim is only secured to the extent of its value, and is unsecured to the extent the value is 'less than the amount of such allowed claim.'" *In re Chavez,* 138 B.R. 979, 981 (Bankr.D.N.M. 1992) (quoting 11 U.S.C. § 506(a)).

The proof of claim filed by Creditor states that it has a secured claim in the amount of $7,211.61. But the deemed allowance of Creditor's proof of claim under 11 U.S.C. § 502(a) is insufficient absent further evidence of value to establish the extent of Creditor's allowed secured claim. *See In re Hudson,* 260 B.R. 421, 436 (Bankr.W.D.Mich. 2001) ("The claims allowance

7

process gives prima facie proof only to the amount of the entire claim, which may be fully

secured, undersecured, or entirely unsecured . . . . *the claims allowance process does not*

*determine the amount of the secured portion of a claim under § 506(a).*") (emphasis in

original)(citation omitted); 8 Collier on Bankruptcy ¶ 1325.06[1][a] (Alan N. Resnick and Henry

J. Sommer, eds., 15th ed. rev. 2006) ("It is not plausible under section 502(a) to maintain that the

mere assertion of a secured claim, without further proof, entitles the holder . . . . to the

protections of section 1325(a)(5). Only a claim filed pursuant to section 501 . . . allowed

pursuant to section 502, enforceable against the trustee under sections 544 through 549, and

determined secured to the extent permitted by subsections 506(a) and (b) comes within the

protective provisions of section 1325(a)(5) relating to allowed secured claims."). Nor does

Debtor's Second Amended Plan include a motion to value collateral under 11 U.S.C. § 506(a).[5]

Instead, Debtor's Second Amended Plan proposes to pay Creditor directly outside the plan, and

estimates that the amount of Creditor's claim is $6,063.59.

      Creditor does not object to the treatment of its claim under the Second Amended Plan.

---

[5]Section 506(a) provides, in relevant part:
> An allowed claim of a creditor secured by a lien on property in which the estate
> has an interest . . . is a secured claim to the extent of the value of such creditor's
> interest in the estate's interest in such property . . . and is an unsecured claim to
> the extent that the value of such creditor's interest . . . is less than the amount of
> such allowed claim. Such value shall be determined in light of the purpose of the
> valuation and of the proposed disposition or use of such property, and in
> conjunction with any hearing on such disposition or use or on a plan affecting
> such creditor's interest.

11 U.S.C. § 506(a).

*See* 11 U.S.C. § 1325(a)(5)(A).[6]  However, the Chapter 13 Trustee's objection to confirmation puts valuation of the Creditor's collateral at issue.  Facing an objection to confirmation, the Debtor bears the burden of showing that the plan can be confirmed.  *See In re Maras,* 226 B.R. 696, 701 (Bankr.N.D.Okla. 1998) ("The burden of proof to obtain confirmation of the plan is on the proponent.") (citations omitted).  Here, because the Chapter 13 Trustee objected to confirmation of the Second Amended Plan on grounds that the proposed payment to Creditor impermissibly preferred Creditor over other creditors, the burden was on the Debtor to show that such treatment did not create a preference.  *Cf.  In re Gonzales,* 172 B.R. 320, 326 (E.D.Wash. 1994) ("The debtor bears the burden of proof that a plan does not unfairly discriminate [among classes of unsecured creditors].") (citing *In re Warner,* 115 B.R. 233, 236-237 (Bankr.C.D.Cal. 1989)).  And in order to show that there is no preference (i.e., that Creditor would be paid the unsecured portion of its claim in full while other unsecured creditors received less than 100% on their claims), the Debtor necessarily had to submit evidence of collateral value sufficient to establish that Creditor is fully secured.   This the Debtor failed to do.  The Court, therefore, concludes that Debtor's Second Amended Plan cannot be confirmed over the objection of the Chapter 13 Trustee based on the evidence now before the Court.

---

[6]Subsection (a)(5)(A) of 11 U.S.C. § 1325 provides:
>    with respect to each allowed secured claim provided for by the plan –
>        (A) the holder of such claim has accepted the plan.
>    11 U.S.C. § 1325(a)(5)(A).

9

WHEREFORE, IT IS HEREBY ORDERED, that confirmation of Debtor's Second

Amended Plan is DENIED, with leave to amend.

_____

MARK B. McFEELEY
United States Bankruptcy Judge


I certify that on the date shown on the attached
document verification, a true and correct copy of
the foregoing was either electronically transmitted,
faxed, delivered or mailed to the listed counsel
and/or parties.

Steve H. Mazer
Attorney for Debtor
2501 Yale SE 2nd Floor
Albuquerque, NM 87106 -2901

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102 -3111

Allan Wainwright
JP Morgan Chase Bank, N.A., successor to Bank One, N.A.
920 Lomas Blvd NW
Albuquerque, NM 87102 -3150

_____

Patti G. Hennessy
Law Clerk
(505) 348-2545

10